### Case No. 5,220.

### GARDNER v. ANDERSON.

[22 Int. Rev. Rec. 41.]

Circuit Court, D. Maryland. 1876.

A. H. Hobbs, for plaintiff.
A. Stirling, Jr., U. S. Dist. Atty., George C. Maund, and Geo. H. Chandler, for defendant.

Before BOND, Circuit Judge, and GILES, District Judge.

Communications in writing passing between officers of the government, in the course of official duty, relating to the business of their offices, are privileged from disclosure, on the ground of public policy, and the production will not be compelled by courts of law or equity. Neither will secondary evidence of their contents be admissible, whether in the form of copies or of oral statement of witnesses who have read and recollected the same. Consequently, an official letter from an appraiser of merchandise to the secretary of the treasury, recommending a person for appointment as clerk in the appraiser's office, in place of one whose removal is recommended for inefficiency and bad conduct, is a privileged communication within the rule, and cannot be admitted in evidence to sustain an action for libel brought against the appraiser by the person whose removal is recommended. The mere sending to the secretary of the treasury by an officer of the customs, in the course of official duty, of a communication reflecting upon the character and conduct of a subordinate, is not such a publication as is essential to maintain an action for a libel.

The plaintiff in this case, who had been a clerk in the office of appraiser of merchandise, and was removed from office in June, 1873, brought an action of libel in a state court against the defendant, who was appraiser, alleging that he wrote to the secretary of the treasury a letter recommending the plaintiff's removal from his clerkship, and reflecting upon his official qualifications and conduct in such a way as to show malice, per quod he lost his office and suffered great damage. The suit was by the defendant removed upon a writ of certiorari to this court under section 643 of the Revised Statutes, and the plaintiff made an unsuccessful motion to remand the case to the state court for want of federal jurisdiction. Plea, not guilty, under the general issue.

Previous to the trial, the plaintiff, to prove the sending of the alleged libellous letter and its contents, issued a commission to examine at Washington the secretary of the treasury and the appointment clerk, who were summoned to produce before the commissioner the original letter or copy. The secretary declined to appear before the commissioner or to produce any paper or copy, and sent a letter to him to that effect. The appointment clerk who attended and was examined, by direction of the secretary, declined to produce any paper or to speak of the contents of any. Upon the return of the commission, to which the secretary's letter above mentioned was attached, the plaintiff took out a subpoena duces tecum for the secretary and the appointment clerk to appear at the trial. The secretary declined to attend, and directed the district attorney (who had assumed the defence of the case) to state his reasons to the court. Thereupon the plaintiff moved for a writ of attachment against the secretary for a contempt in not obeying the subpoena. This the court declined to grant, but advised the plaintiff to apply to the secretary for a copy of the alleged letter, and, for this purpose, the case was postponed for a few weeks. Subsequently, the trial being resumed, and the jury sworn, the plaintiff, to lay the foundation for secondary evidence, produced a let-

ter from the secretary in reply to his application for a copy of the alleged communication which was the cause of action.

The secretary's letter stated that, at the date of the alleged letter, the defendant was appraiser of merchandise, and any communications from him to the department were official in their nature, confidential and protected from disclosure, and he, the secretary, was not at liberty to furnish a copy of the same to enable the plaintiff to maintain an action against a late appraiser, whose defence the government had assumed. The plaintiff then called as a witness a clerk in the appraiser's office who had charge of the official letter-copying book in June, 1873, who testified that about that time he wrote, at the dictation of the defendant, a letter to the secretary of the treasury relative to the removal of the plaintiff from office. The letter was signed by the defendant ·as appraiser, and copied in the letter-book. It was not there now; a leaf was missing from the book, probably that containing the letter. Witness said he thought he could state the substance of the letter, and on being asked by the plaintiff to do so, the defendant objected, first, because the witness was not sure he could state the whole substance, and second, because the letter was a privileged communication, and protected from disclosure on grounds of public policy.

After full argument, the court decided that the witness' recollection was not sufficient, as the jury was entitled to have the whole letter repeated to them, if any, and the part omitted might qualify or explain the part repeated. And further, that the communication was in its nature an official communication, relating to public business, which it was sought to prove by means of a witness whose only knowledge of it was derived from his official employment, which was contrary to public policy and not to be permitted. The plaintiff then sought to prove by his own testimony that he saw the letter in question at the treasury department after his removal, by permission of the secretary, and could state its contents; but further offered to prove by a witness who was at one time a clerk in the appraiser's office, that while he was such clerk he read a copy of the said letter from the official letter-copy book in the office, and could repeat its contents. The court ruled that neither the sending of such a letter to the secretary, nor retaining a copy thereof in a letter book kept in the appraiser's office, amounted to a "publication" within the meaning of that term as used in the law of libel; that as the communication was official and confidential, written in the discharge of a public duty, it could not be said to be published by the defendant, by merely sending it to the officer to whom it was addressed, and if there was no evidence of publication beyond such sending, the plaintiff must fail at the outset of his case, and no evidence of the contents of the al-

leged libel can be admitted until after proof of technical publication. The plaintiff not being prepared with such proof, took exceptions to these rulings, and there was a verdict for defendant.